**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **EPHREN TAYLOR II,** | : | **MOTION TO VACATE** |
| **BOP Reg. # 26896-045,** | : | **28 U.S.C. § 2255** |
| **Movant,** | : | |
| | : | **CRIMINAL ACTION NO.** |
| **v.** | : | **1:14-CR-217-TCB-AJB-1** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| **Respondent.** | : | **1:16-CV-913-TCB-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S ORDER**
**AND FINAL REPORT AND RECOMMENDATION**

Movant, Ephren Taylor II, filed a pro se motion under 28 U.S.C. § 2255 to

vacate, set aside, or correct his sentence in criminal action number 1:14-cr-217-TCB-

AJB-1. [Doc. 87.][1]  The Government filed a response in opposition.  [Doc. 101.]

Movant filed a reply, [Doc. 109], additional documents in support of his § 2255 motion,

[Docs. 125, 126, 134, 143, 144], and a motion for evidentiary hearing, [Doc. 133].

Movant also submitted two motions to expand the record.  [Docs. 127, 129.]

Movant asks the Court to consider information regarding his use of Xanax and alcohol.

[Doc. 127 at 1-2; Doc. 129 at 1-2.]  The Government did not oppose the motions to

expand the record.  For good cause shown, the undersigned **GRANTS** Movant's

---

[1]      Citations to the record in this Order and Final Report and
Recommendation refer to case number 1:14-cr-217-TCB-AJB-1.

motions to expand the record, [Docs. 127, 129].

Movant further submitted a motion to disqualify United States District Judge William S. Duffey, Jr., from this case. [Doc. 132.] Judge Duffey subsequently retired, and the case was reassigned to United States District Judge Timothy C. Batten, Sr. [*See* Dkt. Entry July 2, 2018.] Accordingly, Movant's motion to disqualify, [Doc. 132], is **DENIED AS MOOT**.

Finally, Movant submitted a "motion for judicial docket data." [Doc. 136.] Movant asks the Court to provide "the number of habeas cases pending before Hon. Judge Batten ahead of this instant proceeding." [*Id.* at 1.] Movant's request is not relevant to whether he is entitled to § 2255 relief. Accordingly, Movant's "motion for judicial docket data," [Doc. 136], is **DENIED**.

For the reasons discussed below, Movant's motion for evidentiary hearing, [Doc. 133], is **DENIED**, and the undersigned **RECOMMENDS** that his § 2255 motion, [Doc. 87], be **DENIED**.

## I.   28 U.S.C. § 2255 Standard

A motion to vacate, set aside, or correct a sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that

2

the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11ᵗʰ Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11ᵗʰ Cir. 1988)) (internal quotation marks omitted).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 Fed. Appx. 581, 582 (11ᵗʰ Cir. Sept. 18, 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5ᵗʰ Cir. 1980)[2]). The Court must conduct an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). "[A] district court need not hold an evidentiary hearing where the movant's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." *Bain v. United States*,

---

[2]       In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11ᵗʰ Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

AO 72A
(Rev.8/8
2)

565 Fed. Appx. 827, 828 (11th Cir. May 12, 2014) (per curiam) (quoting *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002)) (internal quotation marks omitted).

In the present case, the undersigned determines that an evidentiary hearing is not needed because the § 2255 motion and record conclusively show that Movant is entitled to no relief.   Accordingly, the undersigned **ORDERS** that Movant's motion for evidentiary hearing, [Doc. 133], is **DENIED**.

## II.   Discussion

On October 8, 2014, Movant pleaded guilty to conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349.  [Docs. 1, 40.]  On March 24, 2015, the District Court, *Duffey, J.*, filed the Judgment and Commitment, sentencing Movant to 235 months of imprisonment, followed by three years of supervised release.  [Doc. 65.] Movant did not appeal.  [Doc. 87 at 2.]  The District Court, *Duffey, J.*, subsequently reduced Movant's custodial sentence to 223 months.  [Doc. 103.]  The United States Court of Appeals for the Eleventh Circuit affirmed the sentence reduction.  *See United States v. Taylor*, 727 Fed. Appx. 979 (11th Cir. Feb. 27, 2018) (per curiam).  [Doc. 128.]

Movant timely executed his § 2255 motion on March 16, 2016.  [Doc. 87 at 12.] Movant claims that (1) trial counsel provided ineffective assistance (grounds one through four), and (2) the District Court, *Duffey, J.*, erred (grounds five through seven).

[*Id.* at 20-37; *see also* Doc. 101 at 13-14.]

A.      **Grounds One Through Four**

"[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003).  In order to demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

As to the first prong of *Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Id.* at 689 (internal quotation marks omitted).  As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one."  *Id.* at 697.

5

"[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between [pleading guilty] and going to trial." *Searcy v. Fla. Dep't of Corr.*, 485 Fed. Appx. 992, 997 (11th Cir. Aug. 9, 2012) (per curiam) (quoting *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984)) (internal quotation marks omitted). A defendant who has pleaded guilty must satisfy the second prong of *Strickland* by showing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Connolly v. United States*, 568 Fed. Appx. 770, 770-71 (11th Cir. June 10, 2014) (same).

## 1. **Ground One**

Movant claims that trial counsel improperly advised him on the plea agreement and possible sentencing enhancements before he pleaded guilty. [Doc. 87 at 22; *see also* Doc. 101 at 13, 17-21.] This ground is waived because it concerns counsel's assistance before Movant pleaded guilty. A criminal defendant who has pleaded guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v.*

6

*Henderson*, 411 U.S. 258, 267 (1973).   The entry of a guilty plea "waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008) (quoting *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992)).

Insofar as Movant claims that counsel's alleged ineffectiveness caused Movant to plead guilty involuntarily, Movant must satisfy *Strickland* and *Hill*.   However, Movant indicated during the plea colloquy that he understood the plea agreement and possible sentencing enhancements.   [Doc. 101-2 at 21-46.]   Because the Court must presume that Movant's statements under oath during the plea colloquy were true, he bears "a heavy burden" to show that those statements were actually false.   *United States v. Garcia*, 322 Fed. Appx. 918, 919 (11th Cir. Apr. 13, 2009) (per curiam) (citing *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994)); *see also Connolly*, 568 Fed. Appx. at 771 ("The Supreme Court has determined that a defendant's representations at a plea hearing 'constitute a formidable barrier in any subsequent collateral proceedings.' ") (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)); *see also United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) (holding that defendant bears heavy burden to show that his statements under oath at plea colloquy

were false).

Movant has not produced any evidence to meet his heavy burden.  In fact, after sentencing, Movant testified in an enforcement proceeding before the Securities and Exchange Commission that he had spoken truthfully during the plea colloquy.  [*See* Doc. 101-12 at 7.]  Therefore, Movant is not entitled to relief on ground one.  *See Patel v. United States*, 252 Fed. Appx. 970, 975 (11th Cir. Nov. 1, 2007) (per curiam) (determining that movant's § 2255 allegations in direct conflict with statements during plea colloquy and unsupported by evidence did not establish involuntariness of plea).

## 2.    **Ground Two**

Movant claims that trial counsel failed to object to Movant's sentencing enhancements for (1) the amount of the loss, (2) his misrepresentation that he acted on behalf of a charitable organization, and (3) his role as an organizer or leader of criminal activity involving five or more participants.  [Doc. 87 at 23-27; *see also* Doc. 101 at 13, 21-24.]  However, as the Government correctly explains, (1) Movant agreed with the amount of the loss and his role as an organizer or leader during the plea colloquy, and (2) trial counsel withdrew Movant's objection to the charitable misrepresentation enhancement at Movant's request.  [Doc. 101 at 21-24.]  Therefore, Movant fails to show that (1) trial counsel performed deficiently regarding Movant's sentencing

8

enhancements, or (2) Movant was prejudiced.

### 3.   <u>Ground Three</u>

Movant claims that trial counsel failed to raise at sentencing Movant's use of Xanax and alcohol. [Doc. 87 at 30-31; *see also* Doc. 101 at 14, 24-25.] However, as the Government correctly explains, Movant's claim is factually incorrect because (1) his drug use was included in the presentence investigation report, and (2) trial counsel asked the District Court, *Duffey, J.*, at sentencing to recommend Movant's placement in a drug and alcohol rehabilitation program. [Doc. 101-3 at 71-72.] Therefore, Movant fails to show that (1) trial counsel performed deficiently regarding Movant's use of Xanax and alcohol, or (2) Movant was prejudiced.

### 4.   <u>Ground Four</u>

Finally, Movant claims that trial counsel failed to (1) raise at sentencing Movant's cooperation with the Government, and (2) seek a reduced sentence based on his cooperation. [Doc. 87 at 32-33; *see also* Doc. 101 at 14, 25.] However, as the Government correctly explains, Movant's claim is factually and legally incorrect because (1) trial counsel raised Movant's cooperation at sentencing, and (2) Federal Rule of Criminal Procedure 35(b) allows only the Government, and not the defendant, to seek a reduced sentence based on cooperation. [Doc. 101-3 at 49-51.] Therefore,

AO 72A
(Rev.8/8
2)

Movant fails to show that (1) trial counsel performed deficiently regarding Movant's cooperation, or (2) Movant was prejudiced.

Accordingly, Movant should be denied § 2255 relief as to grounds one through four.

**B.    Grounds Five Through Seven**

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge" unless the movant "overcome[s] this procedural default by showing both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error." *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004). "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [his] own conduct." *Lynn*, 365 F.3d at 1235. To demonstrate actual prejudice, a movant must show that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

As an alternative to showing cause and actual prejudice, a § 2255 movant may

10

overcome a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1234-35 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam)) (internal quotation marks omitted).   "Actual innocence means factual innocence, not mere legal innocence." *Id.* at 1235 n.18 (internal quotation marks omitted).

As the Government correctly explains, grounds five through seven are procedurally defaulted because Movant failed to (1) raise them on direct appeal, or (2) either (a) show cause and actual prejudice, or (b) proof of actual innocence. [Doc. 87 at 23-25, 28-29, 34-36; Doc. 101 at 26-29.] Furthermore, even if Movant had overcome his defaults, the Government also correctly explains that grounds five through seven would nevertheless fail because Movant's plea agreement contains a valid appeal waiver.  [Doc. 101 at 26-27.]

"It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005).  "[T]he government must show that either (1) the district court specifically questioned [Movant] concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that [Movant] otherwise understood the full significance of the waiver." *Id.* (quoting *United States v. Bushert*, 997 F.2d 1343, 1351

11

(11ᵗʰ Cir. 1993)).

Movant's plea agreement contains the following appeal waiver:

> LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, [Movant] voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Movant] may file a direct appeal of an upward departure or variance above the sentencing guideline range as calculated by the district court. . . .

[Doc. 101-1 at 14-15.] Movant signed the agreement, indicating that he had (1) read and understood its terms and conditions, and (2) consented to them. [*Id.* at 16-17.] The District Court, *Duffey, J.*, specifically questioned Movant regarding the appeal waiver during the plea colloquy, and Movant indicated that he understood he was giving up his right to appeal as specified in the plea agreement. [Doc. 101-2 at 37-40.] Therefore, Movant's appeal waiver is valid.

Accordingly, Movant should be denied § 2255 relief as to grounds five through seven.

## III.   Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order

12

adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable.  If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court

AO 72A
(Rev.8/8
2)

of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

IV.    **Conclusion**

For the reasons stated above,

**IT IS ORDERED** that Movant's (1) motions to expand the record, [Docs. 127, 129], are **GRANTED**; (2) Movant's motion to disqualify, [Doc. 132], is **DENIED AS MOOT**; (3) Movant's motion for evidentiary hearing, [Doc. 133], is **DENIED**; and (4) Movant's "motion for judicial docket data," [Doc. 136], is **DENIED**.

**IT IS RECOMMENDED** that (1) Movant's § 2255 motion, [Doc. 87], be **DENIED**; (2) a COA be **DENIED**; and (3) civil action number 1:16-cv-913-TCB-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this  28th  day of January, 2019.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/8
2)