IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EPHREN TAYLOR,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION FILE
NO. 1:16-cv-913-TCB

CRIMINAL ACTION FILE
No. 1:14-cr-217-TCB-1

HABEAS CORPUS
28 U.S.C. § 2255

# **O R D E R**

This case comes before the Court on Magistrate Judge Alan J. Baverman's final report and recommendation (the "R&R") [146],[1] which recommends denying Movant Ephren Taylor's motion [87] under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence and denying a certificate of appealability. Taylor has filed objections [151] to the R&R.

---

[1] Docket numbers refer to the criminal case docket.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[2]

---

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful and complete de novo review of the R&R and finds that its factual and legal conclusions were correct. Accordingly, Taylor's objections [151] are overruled and the Court adopts as its Order the R&R [146]. Taylor's motion [87] to vacate is denied and a certificate of appealability is denied. The Clerk is directed to close the civil action.

IT IS SO ORDERED this 6th day of March, 2019.

_____
Timothy C. Batten, Sr.
United States District Judge